of facts. Those admissions, however, though insufficiently broad to justify, without proof, a recovery in favor of each plaintiff, are comprehensive enough to withstand a dismissal of the complaint upon motion. Plaintiff and his coplaintiffs are entitled to make proof in support of the allegation in the complaint that they "were so engaged in interstate commerce in work on the said bridges as employees of the defendant", taken in connection with the concession in the agreed statement of facts that defendant employed them "in doing work under said contract". That such work brought them within the provisions of the Fair Labor Standards Act is for each plaintiff to prove.

The summary judgment and order entered June 16, 1943, awarding plaintiff a recovery, should be reversed on the law and the facts, with costs to appellant, and plaintiff's motion for summary judgment denied, with ten dollars costs. The order entered June 18, 1943, denying appellant's motion to dismiss the complaint, should be affirmed, with ten dollars costs and disbursements.

CLIFFORD CRANDALL, Respondent, v. FORD MOTOR COMPANY, Appellant.—

All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH BRAVATTA, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— All concur.

In the Matter of the Claim of GRETCHEN E. SCHNEIDER, Respondent, against ARCHIE BAXTER'S FLYING SERVICE, INC., et al., Appellants, and AGGREGATE TRUST FUND of the STATE INSURANCE FUND, Respondent. STATE INDUSTRIAL BOARD, Respondent.—